IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:12-CR-23-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LORENZO PLEDGER, | ) | |
| | ) | |
| Defendant. | ) | |

On June 4, 2013, pursuant to a written plea agreement, Lorenzo Pledger ("Pledger") pleaded guilty to conspiracy to possess with intent to distribute and to distribute a quantity of cocaine. See [D.E. 1, 45, 83]. On February 19, 2014, the court held Pledger's sentencing hearing. See Sent Tr. [DE. 84]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") [D.E. 53] and resolved Pledger's objections. See Sent. Tr. at 5–6, 39–41; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Pledger's total offense level to be 29, his criminal history category to be VI, and his advisory guideline range to be 151 to 188 months' imprisonment. See Sent. Tr. at 40–41. The court then granted the government's motion for upward departure under U.S.S.G. § 4A1.3 and determined that a total offense level 32 was warranted, resulting in an advisory guideline range of 210 to 262 months, capped at the 240-month statutory maximum. Id. at 41–58. The court then granted the government's motion under U.S.S.G. § 5K1.1, thoroughly considered all relevant factors under 18 U.S.C. § 3553(a), and sentenced Pledger to 216 months' imprisonment. See id. at 58–70.

Pledger appealed. On February 6, 2015, the United States Court of Appeals for the Fourth Circuit affirmed Pledger's sentence. See United States v. Pledger, 595 F. App'x 229, 230–33 (4th Cir. 2015) (per curiam) (unpublished).

On August 19, 2016, Pledger moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 92]. On December 12, 2016, Pledger moved for a sentence reduction under 18 U.S.C. § 3582(c)(2). See [D.E. 95].

Pledger is a career offender and is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See, e.g., United States v. Woods, 675 F. App'x 347 (4th Cir. 2017) (per curiam) (unpublished); United States v. Avent, 633 F. App'x 176 (4th Cir. 2016) (per curiam) (unpublished). Thus, the motion is denied.

Alternatively, even if the court has discretion to reduce Pledger's sentence, the court would decline to do so. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Pledger's sentence, the court finds that Pledger engaged in serious criminal behavior. See PSR ¶¶ 8–11. Moreover, Pledger is a violent recidivist, with convictions for possession with intent to sell and deliver cocaine, assault with a deadly weapon with intent to kill inflicting serious injury, discharging a firearm within the City of Raleigh, possession of a firearm by a felon (two counts), resist or obstruct a public officer, possession with intent to sell or deliver cocaine (three counts), maintaining a vehicle to sell or deliver cocaine (three counts), attempted crime against nature, assault on a female (two counts), indecent liberties with a child,

2

crime against nature, trafficking in cocaine by possession, and trafficking in cocaine by transportation. See id. ¶¶ 17–32. Pledger also has performed poorly on supervision and has a spotty work history. See id. ¶¶ 15–33, 57–60.

Having reviewed the entire record and all relevant policy statements, the court finds that Pledger received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Pledger's sentence would threaten public safety in light of his serious criminal conduct and criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Pledger's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Pledger's motions for reduction of sentence [D.E. 92, 95] and Pledger's motion for appointment of counsel [D.E. 95].

SO ORDERED. This 14 day of August 2017.

JAMES C. DEVER III
Chief United States District Judge

3