IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:12-CR-23-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| LORENZO PLEDGER, | ) | |
| Defendant. | ) | |

On April 4, 2022, Lorenzo Pledger ("Pledger" or "defendant") moved pro se for compassionate relief under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 118]. On April 7, 2022, the court appointed Pledger counsel [D.E. 119]. On June 14, 2022, Pledger moved pro se for a "full ruling on [his] motion for compassionate release" [D.E. 122]. On July 14, 2022, the government responded in opposition [D.E. 127]. As explained below, the court denies Pledger's motion for compassionate release and dismisses Pledger's motion for a ruling on his motion for compassionate release.

I.

On June 4, 2013, pursuant to a written plea agreement, Pledger pleaded guilty to conspiracy to possess with intent to distribute and distribute a quantity of cocaine. See [D.E. 1, 44, 45, 83]. On February 19, 2014, the court held Pledger's sentencing hearing. See Sent Tr. [DE. 84]. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") [D.E. 53] and resolved Pledger's objections. See Sent. Tr. at 5–41; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Pledger's total offense level to be 29, his criminal history category to be VI, and his

advisory guideline range to be 151 to 188 months' imprisonment. See Sent. Tr. at 40–41. The court then granted the government's motion for upward departure under U.S.S.G. § 4A1.3 and determined that a total offense level of 32 was warranted, resulting in an advisory guideline range of 210 to 262 months, capped at the 240-month statutory maximum. Id. at 41–58. The court then granted the government's downward departure motion, thoroughly considered all relevant factors under 18 U.S.C. § 3553(a), and sentenced Pledger to 216 months' imprisonment. See id. at 58–70. The court also announced that it would impose the same sentence as an alternative variant sentence if it miscalculated the advisory guideline range or improperly departed under the guidelines. See id. at 69–70.

Pledger appealed. On February 6, 2015, the United States Court of Appeals for the Fourth Circuit affirmed Pledger's sentence. See United States v. Pledger, 595 F. App'x 229, 230–33 (4th Cir. 2015) (per curiam) (unpublished).

On August 19, 2016, Pledger moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 92]. On December 12, 2016, Pledger moved for a sentence reduction under 18 U.S.C. § 3582(c)(2). See [D.E. 95]. The court denied both motions. See [D.E. 103]; United States v. Woods, 675 F. App'x 347 (4th Cir. 2017) (per curiam) (unpublished); United States v. Avent, 633 F. App'x 176 (4th Cir. 2016) (per curiam) (unpublished).

On April 4, 2022, Pledger moved for compassionate relief. See [D.E. 118]. The government opposes the motion. See [D.E. 127].

II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at

2

least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir.) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v.

3

United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant" a sentence reduction. Id. § 1B1.13 cmt. n.2.

To the extent Pledger seeks to raise claims that he should have raised on direct appeal or under 28 U.S.C. § 2255, such as claims related to any potential sentencing error, the court rejects the arguments but assumes without deciding that they qualify as extraordinary and compelling circumstances. See [D.E. 118] 1, 3, 4–6; United States v. McCoy, 981 F.3d 271, 287 (4th Cir. 2020)

4

("[T]he very purpose of [section] 3582(c)(1)(A) is to provide a 'safety valve' that allows for sentence reductions when there is not a specific statute that already affords relief . . . ."); United States v. Handerhan, 789 F. App'x 924, 926 (3d Cir. 2019) (per curiam) (unpublished) ("[Section] 3582(c)(1)(A) provides a mechanism to seek a reduction in the term of a sentence, not to challenge its validity."); United States v. Shull, No. 1:04-cr-18, 2022 WL 179141, at *3 (W.D.N.C. Jan. 19, 2022) (unpublished); United States v. Ferguson, No. 3:04cr13-01, 2021 WL 1701918, at *4 (E.D. Va. Apr. 29, 2021) (unpublished) ("The compassionate release statute allows the court to consider extraordinary and compelling reasons warranting compassionate release, but it does not replace the established mechanism for challenging the validity of a sentence. Nor does it allow the defendant to make arguments that were, or could have been, raised in direct appeal or collateral review.").

Pledger applied to his warden for compassionate release twice. See [D.E. 127-1] 3 and [D.E. 118-3]. On September 19, 2021, in his first request, Pledger requested compassionate release based on COVID-19 and his medical conditions. See [D.E. 127-1] 3. The warden denied his request. See [D.E. 118-2] 13. On January 18, 2022, in his second request, Pledger requested compassionate release "based on the COVID-19 pandemic, [his] underlying health conditions[,] and [his] illegal career offender status." See [D.E. 118-3]. Pledger's motion for compassionate release and supporting documents do not present evidence that the warden responded to his second request, but 30 days have elapsed since Pledgers' second request. See [D.E. 118, 118-1, 118-2, 118-3, 118-4, 122]. The government invoked section 3582(c)(1)(A)'s exhaustion requirements, but in doing so, the government cites only Pledger's first application for compassionate release. See [D.E. 127-1] 3. Because Pledger raised all his current arguments in his second request for compassionate release and 30 days have elapsed, Pledger has met the exhaustion requirement. See 18 U.S.C. § 3582(c). Thus, the court addresses Pledgers's motion on the merits. See Muhammad, 16 F.4th at 130.

5

Pledger seeks compassionate release pursuant to section 3582(c)(1)(A) and cites the COVID-19 pandemic, the condition in prisons, his medical conditions (obesity, Crohns disease, and hypertension), inadequate care in prison, and that he would not be a career offender if sentenced today. See [D.E. 118] 2–6; United States v. Norman, 935 F.3d 232, 239 (4th Cir. 2019). As for the "medical condition of the defendant" policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Pledger is obese and has Crohns disease and hypertension. See [D.E. 118] 2, 4; [D.E. 118-2] 5–12. Pledger's medical conditions, however, are under control. See [D.E. 118-2] 5–12.

Pledger argues that his medical conditions put him at heightened risk of serious infection from COVID-19. See [D.E. 118] 2, 4. On February 10, 2021, however, Pledger refused a COVID-19 vaccine. See [D.E. 118-3, 127-1]; [D.E. 118-2], 13; [D.E. 128] 1. The vaccine would provide protection. See, e.g., United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) (noting that although "vaccination does not rule out reinfection . . . this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), cert. denied, 142 S. Ct. 2742 (2022); United States v. Broadfield, 5 F.4th

6

801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); cf. United States v. Petway, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). Pledger has not disclosed to the court any religious or medical reason why he cannot receive or benefit from a COVID-19 vaccine. See Lemons, 15 F.4th at 751 (noting that "if an inmate does not present a compelling reason justifying the failure to be vaccinated despite access to the vaccine, a district court would abuse its discretion by" granting compassionate release); United States v. Ugbah, 4 F.4th 595, 597 (7th Cir. 2021) (explaining that the defendant's failure to be vaccinated was not an extraordinary and compelling reason justifying compassionate release because he "has never contended that he is medically unable to receive or benefit from the available vaccines"). "[A] prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release. The risk is self-incurred." Broadfield, 5 F.4th at 803; see also United States v. Thomas, No. 21-1645, 2022 WL 296594, at *2 (3d Cir. Feb. 1, 2022) (unpublished); United States v. Kennedy, No. 21-2675, 2022 WL 43187, at *2 (6th Cir. Jan. 5, 2022) (unpublished); Lemons, 15 F.4th at 751 ("[A] defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction."); Hald, 8 F.4th at 936 n.2 (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release); Baeza-Vargas, 532 F.

7

Supp. 3d at 843–44 (collecting cases that ruled "that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances"); United States v. McBride, No. 5:19-CR-7, 2021 WL 354129, at *3 (W.D.N.C. Feb. 2, 2021) (noting that even if the defendant's medical condition qualified as an extraordinary and compelling reason for granting compassionate release, "it does not qualify as such in this instance. Defendant rejected the COVID-19 vaccine .... Defendant's refusal to take preventative measures undermines his assertion that extraordinary and compelling reasons exist to warrant his release from prison."); cf. United States v. Osman, No. 21-7150, 2022 WL 485183, at *1 n.2 (4th Cir. Feb. 17, 2022) (per curiam) (unpublished).

Notably, Pledger had COVID-19 in July 2020 and recovered fully. See [D.E. 128] 8. Pledger's natural antibodies provide protection. See, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); Garrett v. Murphy, 17 F.4th 419, 433 & n.7 (3d Cir. 2021) (discussing natural immunity as a result of recovering from COVID-19). Additionally, the wide availability of COVID-19 vaccines greatly diminishes the risk to Pledger from COVID-19 whether he is in prison or not. See, e.g., Scalea, 2022 WL 795425, at *1; Ibarra, 2022 WL 229198, at *1; Lemons, 15 F.4th at 751; Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46. And the availability of COVID-19 vaccines allows Pledger to reduce his risk should he so choose. See Thomas, 2022 WL 296594, at *2; Kennedy, 2022 WL 43187, at *2; Broadfield, 5 F.4th at 803. Therefore, reducing Pledger's sentence because of his risk factors and the general risk of COVID-19 in the prison environment does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

Besides the heightened risk of COVID-19 infection due to his medical conditions, Pledger alleges that the BOP is not treating and monitoring his medical conditions adequately and that the

8

condition in prisons poses a particular risk for the spread of COVID-19. See [D.E. 118] 2, 4. Pledger, however, has received adequate care. See [D.E. 118-2] 5–12 (medical records detailing the extensive care afforded to Pledger to address his medical conditions). And arguments based on generalizations about the spread of COVID-19 in prison have considerably less force given the wide availability of COVID-19 vaccines, the current medical conditions at FCI Butner Low where Pledger is incarcerated,[1] and BOP's extensive efforts to control and contain COVID-19. See Bureau of Prisons, BOP's COVID-19 Response, https://www.bop.gov/coronavirus/overview.jsp#bop_covid-19_response (last visited October 31, 2022); see also United States v. Walker, No. 3:20-CR-00255-DCK-1, 2022 WL 3570583, at *1 (W.D.N.C. Aug. 18, 2022) (unpublished) (denying compassionate release from FCI Butner Low). Therefore, reducing Pledger's sentence because of his risk factors, healthcare treatment in prison, and the general risk of COVID-19 in the prison environment does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, the condition in prisons, his medical conditions (obesity, Crohns disease, and hypertension), his medical care in prison, and that Pledger would not be a career offender if sentenced today together are compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Pledger's

---

[1] As of October 31, 2022, FCI Butner Low has reported no current inmate positives and two staff positives. See https://www.bop.gov/coronavirus (last visited Oct. 31, 2022).

9

sentence. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32.

Pledger is 52 years old and is incarcerated for conspiracy to possess with intent to distribute a quantity of cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) (count one). See PSR ¶¶ 1–3. Pledger engaged in serious criminal behavior. See Sent. Tr. at 5–51; PSR ¶¶ 8–11. Moreover, when Pledger conspired to possess with intent to distribute cocaine, Pledger was a violent recidivist, with convictions for, but not limited to, possession with intent to sell and deliver cocaine, assault with a deadly weapon with intent to kill inflicting serious injury, discharging a firearm within the City of Raleigh, possession of a firearm by a felon (two counts), resist or obstruct a public officer, possession with intent to sell or deliver cocaine (three counts), maintaining a vehicle to sell or deliver cocaine (three counts), attempted crime against nature, assault on a female (two counts), indecent liberties with a child, crime against nature, trafficking in cocaine by possession, and trafficking in cocaine by transportation. See PSR at ¶¶ 15–34. Pledger also has performed poorly on supervision and has a spotty work history. See id. at ¶¶ 15–33, 57–60.

Pledger has made some positive efforts while incarcerated, including taking business, wellness, and other educational classes. See [D.E. 118] 3; [D.E. 118-1]. But Pledger has incurred six infractions, while federally incarcerated See [D.E. 127-1] 8–9. The infractions include being in an unauthorized area in 2021, being unsanitary in 2021, possessing tobacco in 2015, refusing to work in 2015, refusing to obey an order in 2014, and being in an unauthorized area in 2014. See id.

The court must balance Pledger's mixed performance in federal custody, his serious and prolonged criminal conduct, his serious and violent criminal history, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, 142 S. Ct. 2389, 2403–04 (2022); Pepper, 562 U.S. at 480–81; United

10

States v. Roane, ___ F.4th ___, ___, Nos. 20-14 & 20-16, 2022 WL 10217083, at *8–9 (4th Cir. Oct. 18, 2022); High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered Pledger's potential re-exposure to COVID-19, his medical conditions, the medical care he is receiving in prison, and that he would not be a career offender if sentenced today. Having reviewed the record, the court still would upwardly depart to the same advisory guideline range if sentencing Pledger today. Thus, the change in career offender status adds nothing to the analysis. Cf. Concpecion, 142 S. Ct. at 2403–04. Furthermore, the court has considered the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Pledger's arguments, the government's persuasive response, the need to punish Pledger for his serious criminal behavior, to incapacitate Pledger, to promote respect for the law, to deter others, and to protect society, the court denies Pledger's motion for compassionate release. See, e.g., Concepcion, 142 S. Ct. at 2403–05; Chavez-Meza, 138 S. Ct. at 1966–68; Roane, ___ F.4th at ___, 2022 WL 10217083, at *8–9; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 118] and DISMISSES defendant's motion for a ruling on defendant's motion for compassionate release [D.E. 122].

SO ORDERED. This _1_ day of November, 2022.

JAMES C. DEVER III
United States District Judge